**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV08-0008 DOC (MLGx)            Date: September 4, 2008

Title: QUARTET MUSIC, INC. V. PAT CERO'S, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                       Date:_____ Deputy Clerk:_____

PRESENT:

                     THE HONORABLE DAVID O. CARTER, JUDGE

     Kristee Hopkins                         Not Present
     Courtroom Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                             NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

       Plaintiffs Quartet Music, Inc.; Range Road Music, Inc.; Tita Cahn and Jay Morgenstern, Co-Trustees of the Tita Cahn Trust d/b/a Cahn Music Company; Ray Vaughn Music, Inc.; Glady's Music Elvis Presley Enterprises LLC; Almo Music Corporation and Chris Isaak d/b/a C. Isaak Music Publishing Co. ("Plaintiffs") claim that Defendants Pat Cero's, Inc. and Mona D. Relihan ("Defendants") infringed several copyrights in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.  Plaintiffs allege that Defendants performed *What A Wonderful World, Come Fly With Me, Pride and Joy, Can't Help Falling In Love, Sultans of Swing,* and *Wicked Game* publicly, for profit and without permission of Plaintiffs – the owners of the copyright in said songs.

       On January 4, 2008, Plaintiffs filed suit in this Court seeking an injunction, a restraining order, statutory damages, costs, attorneys' fees, and such further relief as may be just and equitable.  On January 11, 2008, Plaintiffs served Defendants.  Service was completed on January 21, 2008.

Defendants did not respond. On February 26, 2008, Plaintiffs requested a clerk's default, which was issued on February 29, 2008. On July 18, 2008, Plaintiffs moved for a default judgment against Defendants, scheduling a hearing for September 8, 2008.

The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the papers, the Court hereby GRANT Plaintiffs' motion for a default judgment.

Federal Rule of Civil Procedure 55 provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Plaintiff has filed a motion, supported by declarations, to enjoin Defendants from publicly performing any song licensed through the American Society of Composers, Authors and Publishers ("ASCAP") unless and until they obtain the appropriate licensing to do so. Plaintiffs also seek $15,000 in statutory damages and costs, including attorneys' fees, of $6,462.50. For the reasons stated above, the Court GRANTS default judgment, AWARDS Plaintiffs $21,462.50 in damages and ENJOINS Defendants from publicly performing ASCAP songs until they are licensed to do so.

The Clerk shall serve this minute order on all parties to the action.